## JOHNSON vs. MOSS.

Whether an action will lie on a judgment obtained when the process is by *attachment* until the property taken on the attachment be sold ; and whether a second attachment can be sued out on such judgment before the property taken on the first be sold, *quere.*

But if such proceedings be erroneous, they cannot be corrected on a *common law certiorari.*

COMMON law certiorari.  From the return in this case, it appears that on the ninth of *June*, 1836, Moss, the plaintiff below in the last preceding case, (*ante,* 145,) sued out another *attachment* against Johnson, by virtue of which the constable levied upon a *span of black mares.*  On the return of the process, the plaintiff declared on the judgment obtained on the 23d May, and on production of proof, the justice rendered a second judgment for the plaintiff.

*By the Court,* BRONSON, J.  The questions decided at this term in a case between the same parties, (see last preceding case,) dispose of all the points in this, except the following:  This suit was also commenced by attachment ; the defendant was not personally served, and did not appear on the trial.  The plaintiff declared on a judgment, which probably was the judgment recovered in the first action.  It is objected that no action will lie on the first judgment until the property taken on the first attachment has been sold.  *See Laws of* 1831, *p.* 405, § 39.  The second attachment was levied on other property than that taken on the first; and it is said that this could not be done until the property first taken had been sold.  If the objections are well founded, they cannot be remedied by a common law certiorari.  On the re-turn of the attachment, all things being apparently regular, the justice had jurisdiction to hear the cause and render judgment.

Judgment affirmed.